CAUSE No. 12-14-00201-CR    PD-1115-15

IN the COURT OF
APPEALS

TWELFTH DISTRICT
OF TEXAS

TYLER, TEXAS

No oral Argument Requested

Petition for Discretionary Review    Pro/Sec
PD-1115-15

CEDRICK LEWIS
APPELLANT
VS.
THE STATE OF TEXAS,
APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

APPEALIN CAUSE No 31189
ON APPEAL FROM the third JUDICIAL
DISTRICT COURT
OF ANDERSON COUNTY, TEXAS

* Court OF Criminal Appeals
Brief for APPELLANT

P.D.R.

PhiliP C. Fletcher
TEXAS BAR No. 00787478
800 North Mallard
PALESTINE, TEXAS 75801
TELEPHONE No. (903) 731-4440
FACSIMILE No. (903) 731-4474
Email: FLETCHLAW@Yahoo.Com
ATTorney for APPellant

Page 1.

# TABLE OF CONTENTS

Table of Contents ........................2

List of Authorities........................3

Appearances ........................4

Address to the Court ........................5

Statement of the Case ........................6

Issue Presented ........................7

Statement of facts........................8

Summary of the Argument ........................9

Argument, Point of Error Number One ----10

Prayer ........................13

Certificate of Service ........................14

# LIST OF AUTHORITIES

CASES:

Cook V. STATE, 902 S.W. 2d. 471. 480 (Tex. Cr. App. 1995 . . . . . . 39

STATUTES:

Texas Penal Code Section 20.01(1) . . . . . . . . . . . . . . 10
Texas Penal Code Section 20.01(2) . . . . . . . . . . . . . . 10
Texas Penal Code Section 20.04 . . . . . . . . . . . . . . 10

CONSTITUTION!

Texas Constitution Article 1, §10 . . . . . . . 10
Texas Constitution Article V, §12(B) . . . . . 10

# APPEARANCES

Pursuant to Rule 38.1(a) Texas Rules of Appellate Procedure, Appellate Provides A Complete list of All Parties And Names Addresses of Counsel:

TRIAl Defedant: Cedrick Lewis

TRIAl Defedant's Counsel: COLiN D. McFall
Attorney At Law
617 EAST LACY STREET, Suite 106
Palestine, TEXAS 75801-2965
Telephone: (903) 723-1923
Facsimile: (903) 723-0269

TRIAL STATE's Counsel:
Scott Holden
Erica Morgan
Anderson County Assistart District Attorney
500 North Church Street
Palestine, TEXAS 75801
Telephone: (903) 723-7400
Facsimile: (903) 723-7818

APPellant Cedrick Lewis

Appellant's Counsel: Philip C. Fletcher
Attorney At Law
800 North Mallard Street
Palestine, TEXAS 75801
Telephone: (903) 731-4440
Facsimile (903) 731-4474

APPellee's Counsel: Scott Holden
Anderson County Assistant District Attorney
500 North Church Street
Palestine, TEXAS 75801
Telephone: (903) 723-7400
Facsimile: (903) 723-7818

4 Page

CAUSE NO. 12-14-00221-CR

IN THE COURT OF APPEALS

TWELFTH DISTRICT OF TEXAS

TYLER, TEXAS

CEDRICK LEWIS
APPELLANT
VS.
THE STATE OF TEXAS
APPELLEE

Court OF Criminal Appeals

APPEAL IN CAUSE NO. 31189
ON APPEAL FROM THE THIRD JUDICIAL DISTRICT COURT OF ANDERSON COUNTY, TEXAS

BRIEF FOR APPELLANT:

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, CEDRICK LEWIS, Herein After Referred to As APPellant. And Submits this brief in Support of the APPellant's Request that Judgment Rendered in Cause Number 31189 be REVERSED...

5. Page

# STATEMENT of THE CASE...

APPELLANT WAS indicted in CAUSE NUMBER 31189 with the offenses of Kidnapping And Unauthorized Use of a Motor Vehicle. These offenses were Alleged to Have Occurred on December 18, 2012. in Anderson County, Texas. Appellant Pled Not guilty to these charges. on June 10 thru 16, 2014 these Cases were Tried to A JURY. THE JURY found Appellant guilty of the lesser included charges of Attempted Aggravated Kidnapping And Unauthorized Use of Motor Vehicle. on June 16, 2014, the Court Assessed Appellant's Punishment for Cause Number 31189 At Eighty (80) Years in the Texas Department of Criminal Justice on 20 Counts of Attempted Aggravated Kidnapping And two (2) Years State Jail on Unauthorized Use of A Motor Vehicle. on July 14, 2014, Appellant timely gave His Notice of Appeal to this Honorable Court. Appellant Now timely Files this Brief in Support of the Appellant's Request that the Judgments of Conviction for Attempted Aggravated Kidnapping Rendered in Cause Number 31189 be Reversed..

6. Page

# ISSUES PRESENTED

Point of Error Number One: The Judgments of Conviction for Attempted Aggravated Kidnapping Are void because the trial court lacked Jurisdiction in that the purported indictment did not Allege the commission of Any offenses

# STATEMENT of FACTS

Point of Error of number ONE:

Appellant was purportedly charged with thirty (30) counts of the offense of Aggravated Kidnapping by indictment which read in pertinent part that "CEDRICK BERNARD LEWIS, on or About the 18th day of December, 2012 And before the presentment of said indictment, in said County And State did then there with the intent to facilitate the commission of A Felony, to wit: UNAuthorized Use of A Vehicle or to facilitate the flight After the Attempt or Commission of said Felony, intentionally or knowingly Abduct (insert Name of Alleged Victim) by Restricting the Movements of said (insert Name of Alleged victim) without His/Her consent so As to interfere with His/her liberty, by Moving Him/Her from one place to Another, confining Him/Her, with the intent to Prevent His/her liberation, or by Secreting or holding Him/Her in A Place where He/she was Not likely to be Found."(Clerk's Record Pgs. 8-22)...

# SUMMARY of the ARGUMENT
## Point of Error Number One:

Appellant's Judgments of conviction for Attempted Aggravated Kidnapping Are void.

7 Page

because the trial Court lacked Jurisdiction in that the Purported indictment did Not establish the Constitional requisites of An indictment As required by Article V. §12(b) And Article I §10 of the Texas Constitution by failing to Allege the Commission of An offense.

Although the Purported indictment intends to Allege the offense of Aggravated Kidnapping, the inclusion of the word "or" between the definition of restrain And one of the means by which A person can be restrained does Not Constitionally charge the Commission of Aggravated Kidnapping. The Purported indictment wholly failed to Charge Appellant with the offense of Aggravated Kidnapping. And the Purported indictment failed to Comply with the Constitutional of An indictment As required by Article V. §12(b) And Article I §10.

Since the Purported indictment in this Case was Constitutionally deficient And did Not vest the trial Court with Jurisdiction. Appellant's Conviction is void. As A result, this Court Must reverse the Judgment.

9. Page

# ARGUMENT
## Point of Error Number One

Appellant's Judgment's of Conviction for Attempted Aggravated Kidnapping Are Void because the trial Court lacked Jurisdiction in that the Purported indictment did not establish, the Constitutional requisites of An indictment As required by Article VI § 12(b) And Article. I § 10 of the Texas Constitution by Failing to Allege the Commission of An offense.

The Purported indictment Attempts to Allege the offense of Aggravated Kidnapping. Texas Penal Code Section 20.04 States that:

"(A) A Person Commits An offense if he intentionally or Knowing Abducts Another Person With the intent to:

(3) Facilitate the Commission of A felony or the flight After the Attempt or Commission of A felony."

Texas Penal Code Section 20.01(2) defines the Word "Abduct":

(2) "Abduct" means to restrain A Person With intent to Prevent his liberation by:

(A) Secreting or holding Him in A Place where he is Not likely to be found;

or (B) using or threatening to use deadly Force.

Texas Penal Code Section 20.01(1) defines the Word "restrain."

(1) "Restrain" Means to restrict A Person's Movements without Consent, So As to.

interfere Substantially with the Person's liberty, by Moving the Person From one Place to Another or by Confining the Person.

10. Page

Article 1 § 10 of the Texas Constitution Provides that "...No Person shall be held to Answer for A criminal offense. Unless on An indictment of A grand Jury..." Article V. § 12(b) of the Texas Constitution defines An "indictment" As A "written instrument presented to A Court by A grand Jury charging A Person with the Commission of An offense." A Valid charging instrument Must be Presented to the trial Court in order to vest the trial court with Jurisdiction to hear the Case.

IN the Present Case, the Purported indictment does not Allege the commission of An offense the Purported charging instrument Fails to Meet the constitutional definition of An indictmet As required by Article V § 12(b) And Article 1 § 10. Appellant has A Constitional right to A charging instrument sufficient to Constitute An indictment. A Valid indictment is required to Vest the trial Court with Jurisdiction to hear the Case And it is not Subject to waiver. Cook V. State, 902 S.W. 2d 471, 480 (Tex. Cr. App. 1995).

A Person commits the offense of Aggravated Kidnapping, if with the intent to facilitate the Commission of A felony, or the flight After the Attempt or commission of A felony. A Person intentionally or Knowingly restrict A Person's Movements without Consent, So As to interfere substantially with the Person's liberty, by Moving the Person from one Place to Another or by Confining the Person with intent to Prevent his liberation by Secreting or holding Him in Place where he is likely to be found. the wording in the Purported indictment in the Present Case Alleges "Cedrick Bernard Lewis, on or About the 18th day of December, 2012 And before the Presentment of Said indictment in Said County And State, did then there, with the intent to facilitate the Commission of A Felony, to-wit: Unauthorized Use of A Vehicle, or to facilitate the flight After the Attempt or Commission of

11. Page

said felony, intentionally or knowingly abduct (insert name of alleged victim) by restricting the movements of said (insert name of alleged victim) without his/her consent so as to interfere with his/her liberty, by moving him/her from one place to another, confining him/her with the intent to prevent his/her liberation, or by secreting or holding him/her in a place where he/she was not likely to be found."

Although the purported indictment intends to allege the offense Aggravated Kidnapping, the inclusion of the word "or" between the definition of restrain and one of the means by which a person can be restrained does not constitutionally charge the commission of Aggravated Kidnapping, the purported indictment wholly failed to charge Appellant with the offense of Aggravated Kidnapping. And the purported indictment failed to comply with the constitutional definition of an indictment as required by Article V, §12(b) and Article I, §10.

Since the purported indictment in this case was constitutionally deficient and did not vest the trial court with jurisdiction, Appellant's conviction is void. As a result this court must reverse the judgment...

12. Page

# PRAYER

For the above and foregoing reasons, Appellant prays that Appellant's convictions.

For Attempted Aggravated Kidnapping in Cause No. 12-14-00201-CR, Appealed in Cause

No. 31189 from the Third Judicial District Court of Anderson County, Texas be reversed...

Respectfully Submitted.

_Cedrick B. Lewis_

PHILIP C. FLETCHER

Attorney Pro Sec for Appellant...

13. Page

# CERTIFICATE OF SERVICE

I Hereby Certify that a True And Correct Copy of the Above And Foregoing Brief has been Hand delivered to Mr. Scott Holden C/o. Allyson Mitchell Anderson County Criminal District. Palestine, Texas 75801, on this 16th day of November 2015

_Cedrick B Rentis_
PHILIP C. FLETCHER.

14. Page

# Court of Criminal Appeals of Texas

## Cedrick Lewis

v

## St. of Texas

## Motion of Leave of Court
## In order to file Rehearing (PDR)
## ABATION · Set a Hearing

I come upon the Honorable Court in all due respect for the law...

May it please the Court to know that I'm a Layman not a man trained in the Art of Law.

And further Honorable Court this Rehearing is built around the fact that It's been stated my PDR is/was filed out of time when in fact my PDR was extended 10/26/2015 til Thursday, Nov 19, 2015

Dear Court please set a hearing

(i.)

. In order to full the interest of justice I only ask for the consideration of my Constitutional Rights which in short gives regards to an Citizen to file request & motions to assure that the rights of an individual have not been abridged or denied.

Honorable Court I further appreciate an Pray this situation be properly investigated and pursued with accordance of my Constitutional Rights of Due fairness.

I as a Layman inserted an notice of 12th Court of Appeals which states my time to file PDR expired on Oct. 20, 2015 when in fact it expired on Nov. 19, 2015 as well Honorable Court I have included a copy of the PDR that I inserted (13 pgs.) which was wrongfully addressed and not forwarded to the Court of Criminal Appeals. Thank you for your Time and patience. God Bless,

(2.)     Cedrick Lewis

# Court of Criminal Appeals of Texas

## Cedrick Lewis

v

## St. of Texas

## Affividat of Sworn Declaration under Perjury.

I Swear all info concerning my Miss filed PDR is true and correct. Honorable court I pray that my PDR be granted the right to be filed or that a hearing be set accordingly. GOD Bless, Sincerely,

Cedrick Lewis
TDC# 1938672
Allred Unit
2101 Fm 369 N.
Iowa Park, Tx
76367

(16)



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

**TWELFTH COURT OF APPEALS**

CLERK
PAM ESTES

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Monday, November 30, 2015

Cedrick Lewis #1938672
Allred Unit
2101 FM 369 N.
Iowa Park, TX 76367

**RE:**   Case Number:              12-14-00201-CR
        Trial Court Case Number:   31189

**Style:**   Cedrick Bernard Lewis
          v.
          The State of Texas

This is to acknowledge receipt of your communication dated November 16, 2015.

In response to your inquiries, please be advised that:

1.   The opinion in this case was issued on July 22, 2015.
2.   Enclosed for return is your Brief for Appellant.
3.   You are represented by an attorney, Philip Fletcher, 800 North Mallard, Palestine, TX 75801. Therefore you are not eligible to file a brief pursuant to *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967). Please consult your attorney.
4.   The time to file the Petition for Discretionary Review in the Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711, expired on October 20, 2015.

Very truly yours,

PAM ESTES, CLERK

By: _____
      Ashley Yount, Deputy Clerk

CC:   Mr. Scott C. Holden (DELIVERED VIA E-MAIL)
      Mr. Philip C. Fletcher (DELIVERED VIA E-MAIL)

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
OFF P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701 $ 000.27⁵
02 1W
0001401603 OCT 29 2015

10/26/2015
LEWIS, CEDRICK BERNARD   Tr. Ct. No. 31189

COA Case No. 12-14-00201-CR
PD-1115-15

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the petition has been extended to Thursday, November 19, 2015. NO FURTHER EXTENSIONS WILL BE ENTERTAINED.   NOTE:   Petition For Discretionary Review must be filed with The Court of Criminal Appeals.

Abel Acosta, Clerk

8K-46ᵀ

CEDRICK BERNARD LEWIS
TDC# 1938672
ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TX 76367

Cedrick Lewis
TDC #1938672
Allred Unit
2101 Fm 369 N.
Iowa Park, Tx
76367

S

Honorable Clerk
Abel Acosta
Court of Criminal Appeals
of Texas
P.O. Box 12308 Capitol Station
Austin, Tx 78711